IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

BARRY E. DODD,

        Plaintiff,

v.

HOWMEDICA OSTEONICS CORPORATION,
d/b/a STRYKER ORTHOPEDICS,

        Defendant.

---

## COMPLAINT AND JURY DEMAND

Plaintiff Barry E. Dodd, by and through his attorney, George E. McLaughlin of McLaughlin Law Firm, P.C., and Brian Calandra, of Ramos Law, brings this Complaint against Defendant Howmedica Osteonics Corporation, doing business as Stryker Orthopedics, and alleges and states as follows:

### PARTIES

1. Plaintiff Barry E. Dodd (hereinafter Plaintiff) is a resident of Adams County Colorado, and a citizen of the state of Colorado, residing in Broomfield, Colorado.

2. Defendant Howmedica Osteonics Corporation, is a New Jersey Corporation, with its principal place of business in Mahwah, New Jersey, and as such is deemed to be a citizen of the state of New Jersey.

3. Defendant Howmedica Osteonics Corporation is registered with the Colorado Secretary of State to do business in the state of Colorado, and has designated C T Corporation

System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112-1268, as its registered agent in the state of Colorado.

4.      Howmedica Osteonics Corporation is a wholly-owned subsidiary of Stryker Corporation, a non-party to this litigation.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6.      Defendant Howmedica Osteonics Corporation conducts business in the State of Colorado and has sufficient contacts with the state of Colorado to give the Court personal jurisdiction over it.

7.      Defendant Howmedica Osteonics Corporation is a corporation, and thus is deemed to reside in any judicial district in which it is subject to the jurisdiction of this Court. 28 U.S.C. §1.391(c).  As Defendant Howmedica Osteonics Corporation is subject to personal jurisdiction in Colorado, venue is proper in this Court. 28 U.S.C. §1391(a)(1).

## FACTUAL ALLEGATIONS

8.      Plaintiff brings this civil action as a recipient of a defectively designed and defectively manufactured prosthetic hip device known as the Restoration™ Modular Hip System.

9.      At all times relevant to the issues alleged in this Complaint Defendant Howmedica Osteonics Corporation, doing business as Stryker Orthopaedics, was a designer,

manufacturer, and distributor of orthopedic devices, including prosthetic hip devices known as the Restoration™ Modular Hip System.

10. On or about May 24, 2005, Defendant Howmedica Osteonics Corporation filed with the United States Food and Drug Administration [FDA] what is known as a Section 510(k) premarket notification of its intent to market its Restoration™ Modular Hip System.

11. In filing its Section 510(k) premarket notification Defendant Howmedica Osteonics Corporation stated, in part "The Restoration® Modular System is intended for primary or revision total hip arthroplasty, as well as in the presence of severe proximal bone loss."

12. On or about June 23, 2005, Defendant Howmedica Osteonics Corporation received "clearance" from the FDA to market in the United States its Restoration™ Modular Hip System.

13. On April 18, 2014, Plaintiff had what is known as a revision hip surgery, performed at University of Colorado Hospital. 12401 East 17th Avenue, Aurora, Colorado, by Craig Augustus Hogan, M.D.

14. Included in the prosthetic devices implanted in Plaintiff on April 18, 2014, were the following Howmedica Osteonics devices:

   a. Restoration™ Modular Hip System 195 mm
      18mm – Stryker
      REF: 6704-0-520 / 45957602

   b. Restoration™ Modular Hip System
      Size 23mm Ht +20 Tpr V40-Stryker
      REF: 6276-1-223 / CAXN942E

   c. Trident X3 0 Polyethylene Insert
      36 mm F-Stryker
      REF: 623-00-36 F / MNDPE7

      d.  Biolox Delta Ceramic V40 Femoral Head
          36mm +2.5mm-Stryker
          REF: 6570-0-536 / 46942701

15. On or about April 21, 2021, the Restoration™ Modular Hip System devices in Plaintiff suddenly and without warning catastrophically failed, breaking into two pieces.

16. At the time of the above referenced catastrophic failure Plaintiff was performing a normal and expected activity of daily living in Colorado.

17. On April 21, 2021, the failed components of the Osteonics Restoration™ Modular Hip System were removed from Plaintiff's body and replaced in a revision hip surgery performed at Boulder Community Health, Boulder, Colorado.

18. As a direct and proximate result of the failure of the Howmedica Osteonics Restoration™ Modular Hip System Plaintiff has sustained injuries and damages including, but not limited to:

    a.    Undergoing surgery to remove and replace the failed prosthesis system;

    b.    Past and future pain and anguish, both in mind and in body;

    c.    Permanent diminishment of his ability to participate in and enjoy the affairs of life;

    d.    Medical bills associated with the replacement procedure and recovery therefrom;

    e.    Future medical expenses;

    f.    Loss of enjoyment of life;

    g.    Loss of past and future earnings and earning capacity;

    h.    Disfigurement; and,

    i.    Physical impairment.

**ACCURAL OF THIS CAUSE OF ACTION**

19. An x-ray taken on October 5, 2020, of Plaintiff's right hip Restoration™ Modular Hip System stem and proximal body shows that these implanted devices are intact and not fractured. [Figure 1]



Figure 1

20. Prior to the date of April 21, 2021, Plaintiff had neither knowledge nor notice that there was any defect in the design, manufacture, or labeling of his implanted Howmedica Osteonics Restoration™ Modular Hip System.

21. Prior to the date of April 21, 2021, Plaintiff had neither knowledge nor notice that there was any defect in the implantation of his Howmedica Osteonics Restoration™ Modular Hip System.

22. On the date of April 21, 2021, Plaintiff's Howmedica Osteonics Restoration™ Modular Hip System suddenly and catastrophically failed, fracturing, and breaking into two pieces, causing injury to him. [Figure 2]



Figure 2

23. The fracture of Plaintiffs Howmedica Osteonics Restoration™ Modular Hip System was a result of fatigue at the modular junction of the stem and the proximal body. [Figures 3 and 4]




Figure 3                                                    Figure 4

24. It was not until the date of April 21, 2021, Plaintiff suffered any injury as a result of his implantation with a Howmedica Osteonics Restoration™ Modular Hip System.

25. It was not until after the date of April 21, 2021, Plaintiff first had any notice or knowledge that his injuries, and/or that the failure of the Howmedica Osteonics Restoration™ Modular Hip System were the result of any defects in the design or manufacture of his Howmedica Osteonics Restoration™ Modular Hip System.

26. Pursuant to Colorado statutory law in effect on the date of November 4, 2008, to wit C.R.S. § 13-80-108, and in effect to this day,

> [A] cause of action for injury to person, . . . shall be considered to accrue on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence.

27. Prior to the date of April 21, 2021, Plaintiff did not have any injury to his right hip.

28. Prior to the date of April 21, 2021, Plaintiff did not know, and could not have known by the exercise of reasonable diligence, that his Howmedica Osteonics Restoration™ Modular Hip System would fail and cause injury to his right hip.

29. Plaintiff's cause of action, as alleged in this Complaint against Defendant Howmedica Osteonics, did not accrue until on or after the date of April 21, 2021.

## FIRST CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY
### DEFECTIVE MANUFACTURING

30. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

31. Defendant is the manufacturer, distributor, seller, and/or supplier of orthopedic devices including the Howmedica Osteonics Restoration™ Modular Hip System devices that were implanted in Plaintiff.

32. The defects that existed in Plaintiff's Howmedica Osteonics Restoration™ Modular Hip System devices existed at the time these devices left the control and possession of Defendant.

33. The Howmedica Osteonics Restoration™ Modular Hip System devices manufactured, sold, distributed, supplied and/or placed in the stream of commerce by Defendant, were defective in manufacture and construction, in that they deviated from their intended product specifications, thereby creating a serious and unreasonable risk of injury by the failure of the product by fracture of the hip stem.

34. The Howmedica Osteonics Restoration™ Modular Hip System devices manufactured, sold, distributed, supplied and/or placed in the stream of commerce by Defendant, were defective in manufacture and construction, in that they did not have adequate product specifications to control the manufacturing processes, resulting in the introduction of

manufacturing defects, thereby creating a serious and unreasonable risk of injury by the failure of the product by fracture of the hip stem.

35. The Howmedica Osteonics Restoration™ Modular Hip System may be defective in its manufacture in ways which have yet to be discovered.

36. As a direct and proximate result of Plaintiff's use of Defendant's Howmedica Osteonics Restoration™ Modular Hip System devices, as manufactured, designed, sold, supplied, and introduced into the stream of commerce by Defendant in an unreasonably dangerous condition, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future.

37. As a direct and proximate result of Defendant's conduct as set forth herein Plaintiff has suffered, and will continue to suffer injuries, damages, and losses in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY
### DESIGN DEFECT

38. Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

39. The Howmedica Osteonics Restoration™ Modular Hip System devices, manufactured and supplied by Defendant, were defective in design in that, when they left the possession and control of Defendant, the foreseeable risks of injury caused by the use of the product exceeded the benefits associated with its design, or it was more dangerous than an ordinary consumer would expect, and/or it failed to comply with federal requirements for these medical devices.

40. The design of the Howmedica Osteonics Restoration™ Modular Hip System made it unreasonably dangerous for use as a revision hip stem.

41. The lack of specified manufacturing processes in the design of the Howmedica Osteonics Restoration™ Modular Hip System made it unreasonably dangerous for use as a revision hip stem.

42. The foreseeable risks associated with the design of the Howmedica Osteonics Restoration™ Modular Hip System devices, include, but are not limited to, the fact that the design of the Howmedica Osteonics Restoration™ Modular Hip System devices is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner as a revision hip stem.

43. Howmedica Osteonics Restoration™ Modular Hip System may be defective in its design in ways which have yet to be discovered.

44. The foreseeable risks associated with the design of the Howmedica Osteonics Restoration™ Modular Hip System devices, include, but are not limited to, the fact that the performance of the Howmedica Osteonics Restoration™ Modular Hip System devices failed to comply with FDA guidance for revision hip stems, making it more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner as a revision hip stem.

45. As a direct and proximate result of Plaintiff's use of the Howmedica Osteonics Restoration™ Modular Hip System devices, as manufactured, designed, sold, supplied, marketed, and introduced into the stream of commerce by Defendant and/or its failure to comply

with federal requirements, Plaintiff has suffered serious physical injury, harm, damages, and economic loss and will continue to suffer such harm, damages, and economic loss in the future.

46. As a direct and proximate result of Defendant's conduct as set forth herein Plaintiff has suffered, and will continue to suffer injuries, damages, and losses in an amount to be determined by the trier of fact.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

47. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further allege as follows:

48. Defendant had a duty to exercise reasonable care in the design, manufacture, inspection, quality assurance, and quality control of the Howmedica Osteonics Restoration™ Modular Hip System devices prior to placing them into the stream of commerce.

49. Defendant was negligent and failed to exercise ordinary care in the design of the Howmedica Osteonics Restoration™ Modular Hip System devices that were subsequently implanted in Plaintiff in that Defendant knew or should have known that these devices, by their intended design, were at an increased risk of fracture of the hip stem when being used in revision hip surgery.

50. Defendant was negligent and failed to exercise ordinary care in the manufacture, inspection, quality assurance, and quality control, of the Howmedica Osteonics Restoration™ Modular Hip System devices that were subsequently implanted in Plaintiff in that Defendant knew or should have known that these particular devices had not been manufactured according to

their intended manufacturing specifications, making them more prone to fail by fracture of the hip stem when being used in revision hip surgery.

51. Defendant was negligent and failed to exercise ordinary care in the manufacture, inspection, quality assurance, and quality control, of the Howmedica Osteonics Restoration™ Modular Hip System devices that were subsequently implanted in Plaintiff in that Defendant knew or should have known that these devices had been damaged in the manufacturing process, making them more prone to fail by fracture of the hip stem when being used in revision hip surgery.

52. Defendant was negligent and failed to exercise ordinary care in the design, quality assurance, quality control, and distribution of the Howmedica Osteonics Restoration™ Modular Hip System devices that were subsequently implanted in Plaintiff in that Defendant knew or should have known that these particular devices had not been manufactured according to their intended manufacturing specifications, making them more prone to fail by fracture of the hip stem when being used in revision hip surgery.

53. Defendant failed to exercise ordinary care in the design, manufacture, quality assurance, quality control, and distribution of the Howmedica Osteonics Restoration™ Modular Hip System devices into interstate commerce in that Defendant knew or should have known that the particular device that was subsequently implanted in Plaintiff, at the time it left the possession and control of Defendant, did not meet the standards in the industry for performance, without fracture of the hip stem, as a revision hip surgery stem device.

54. Defendant may have been negligent in its design of the Howmedica Osteonics Restoration™ Modular Hip System in ways which have yet to be discovered, which directly and proximately caused it to fracture.

55. Defendant may have been negligent in its manufacture of Plaintiff's Howmedica Osteonics Restoration™ Modular Hip System in ways which have yet to be discovered, which directly and proximately caused it to fracture.

56. As a direct and proximate result of Defendant's negligence, Plaintiff's Restoration™ Modular Hip System fractured, causing Plaintiff to suffer serious physical injury, harm, damages, and economic loss, and will continue to suffer such harm, damages, and economic loss in the future.

57. Plaintiff contends that the conduct of Defendant, as described above, including but not limited to its failure to adequately design and manufacture the Howmedica Osteonics Restoration™ Modular Hip System devices when they knew or should have known of the serious health risks these devices created when being used in revision hip surgery.

58. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered, and will continue to suffer injuries, damages, and losses in an amount to be determined by the trier of fact.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an award of damages in excess of the jurisdictional amount of this Court against Defendant Howmedica Osteonics Corporation, doing business as Stryker Orthopedics, as follows:

a. All economic, special, and compensatory damages, past and future, recoverable by Plaintiff under Colorado law;

b. All non-economic and general damages, past and future, recoverable by Plaintiff under Colorado law;

c. Damages for physical impairment;

d. Prejudgment and post-judgment interest;

e. Costs as permitted by the Court to the prevailing party; and,

f. Any and all further relief, both legal and equitable, that the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury as to all issues in the above matter.

DATED this 26th day of September 2022.

           Respectfully submitted,


           /s/ *George E. McLaughlin*
           George E. McLaughlin, # 16364
           McLaughlin Law Firm, P.C.
           1890 Gaylord Street
           Denver, CO 80206-1211
           Telephone: (720) 420-9800
           GEM@McLLF.com

           and

           Brian Calandra, # 41687
           Ramos Law
           10190 Bannock Street, Suite 200
           Northglenn, CO 80260
           Telephone: (303) 733-6353
           Brian@ramoslaw.com
           *Attorneys for Plaintiff*